CALABRESI, Circuit Judge,
concurring:
I join the majority opinion in full because I agree that it is not substantively unreasonable for a district judge, after having given a defendant a number of breaks and second chances, to impose a sentence like this one. I write separately to emphasize my view that a term of imprisonment of between 5 and 10 years ought not to be seen merely as a punishment. It also must represent an expression of some faith that the convict might be rehabilitated within that time. Prisons should have a duty, therefore, not just to keep the convict locked away, but to enhance his ability to become a responsible citizen. When the convict’s crime involves drug addiction, a necessary part of this rehabilitation is enforced, medically monitored withdrawal. Congress has passed a law criminalizing possession of drugs by an inmate in federal prison, and there is no question that Douglas broke that law and manifested, as the majority opinion shows, a high level of culpability. There is also no question in my mind, however, that the incidence of this crime also demonstrates a significant level of culpability on the part of the jailing institution.[1] When a prison *704 cannot protect an addicted inmate from the capacity to relapse, it has failed to perform an essential obligation — an obligation that it owes both to the inmate and to the society that the inmate will someday rejoin.
I underscore what is suggested in the last paragraphs of the majority opinion, that Congress’s choice to make the use of drugs, and that use in prison, crimes, is highly problematical. No one has made the argument that this is an unconstitutional penalty imposed upon Douglas because of his status as an addict, and I believe no such argument can convincingly be made. Cf. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). As a result, our Court has no authority to stand in the way of the operation of this law, even though our experience with such cases may lead us to think it is counterproductive. And so we must affirm the district court and enforce that law. We can, however, make observations based on our experience. This law and laws like it require district courts to confront a vexing question every day: how to treat addicts who have suffered a relapse. We are not permitted to treat this question as a medical one, although, in some sense, it is. We dismiss Douglas’s argument that he should be treated as a victim of his drug abuse, rather than as a criminal, both because that is not a legal argument, and because it seems to ask us to treat him differently from the thousands of other addicts we see every year. But it remains true that these defendants are all victims. The multiple costs of our imprisonment approach — including the expense of filling our prisons with drug 17 addicts, to mention just a base economic cost— impel me to express the hope that Congress 18 may some day seek out a different way of dealing with this problem.

. During his first sentencing hearing, Judge Berman imposed a 60 month sentence, and recommended that Douglas be allowed to participate in the Bureau of Prisons ("BOP”) Residential Drug Abuse Program. But under BOP policies, an inmate may only enter that program when he has 42 months or less left on his sentence. Upon entry, Douglas would *704 only be eligible for the BOP’s "Drug Abuse Education” program, which the BOP describes as "not drug abuse treatment.” Federal Bureau of Prisons Annual Report on Substance Abuse Treatment Programs Fiscal Year 2011, at *5, available at http://www.bop.gov/ inmate_programs/docs/annuaL_report_fy_ 2011.pdf (last accessed April 1, 2013). In 12 weeks preceding his admission to the Residential Drug Abuse Program, Douglas might also be able to participate in "Nonresidential” Drug Abuse Treatment, a group and cognitive behavioral therapy program. Federal Bureau of Prisons, Drug Abuse Treatment, available at www.bop.gov/inmate_programs/substance. jsp/ (last accessed April 1, 2013). This case, then, is about an addict who would not be eligible for treatment for his addiction for more than a year, and who was, at the same time, exposed to a flourishing drug trade within the walls of the prison.